The judges delivered their opinions seriatim:
Brevard, J.,
was of opinion that the donor did intend to give the slaves in dispute, to his daughter, only during her life ; and that at her death they should go to her children, to be divided among them equally. And if the gift had been of land, some difficulty might, occur in the construction of the words used in making the dona, liou ; but being of personal chattels, the limitation by deed of gift, being inconsistent with the rules of law, was void, and the whole property vested absolutely in the donee, the plaintiff; or rather, it vested in her husband, she being at the time of the gift a married woman. 2 Woodes. 239. Fearne, Ex. Dev. 161. 2 Atk. 308. But even admitting that she"took only a life estate, o?; had an *74 interest in the negroes during her life, that estate, or interest, vested' in her husband, and might be sold for satisfaction of his debts ; f°r the property was-not settled on her, or the interest secured to her, for her separate use. Com. Dig. Baron and Feme. E. 3. 4 Vin. Abr. 116. Com. Dig. Chancery. 2 M. 9. Co. Litt. 351. And although in the case of a chattel real, as a term given to one and the heirs of his body, it shall endure no longer than he lias heirs of his body; yet in case of a chattel personal, the absolute nature of the gift will not depend on any such contingency. But admit that the cases are to be governed by the same rules, and that the plaintiff has no heirs of her body, the property must revert to the donor at her death, as there is no ulterior limitation over, upon that event expressed in the deed : and, therefore, quacunque via data, the plaintiff could have no right to recover.
As to tlic evidence offered to prove the judgment in question, ho thought it was sufficient for that purpose ; the act of 1800, having, helped all defects of form, and omissions,-and) in effect, said, that every thing which was intended to be done fairly, and'which, through ignorance, or carelessness, has been defectively done,-shall be considered as done in due form. The service of- the attachment’ must be out of the question, as the defendant in attachment had appeared by attorney, and the suit went on, upon his appearance,after the attachment was dissolved ; but it was not necessary to consider this objection, since' the other ground was sufficient to induce him to think that a new trial ought to be granted.
Trezevant, J.,
also thought a new trial should be allowed for-the same reasons.- Chattels personal, which vest in baron andfeme, do not survive to the feme. See 4 Vin. Abr. 110. It is otherwise as to chattels real, as a lease for years made to baron and feme ; for, la sucli cáse, the feme shall have it by survivorship. lb. 116. So the husband may dispose of his wife’s interest in a chattel real, in his life time, by grant, or demise. Co. Litt. 46, 351 ; but he cannot devise if, or charge it beyond tlie. coverture. Ib. Com. Dig. Baron and Feme. E. 2. In this case the property given to the wife, instantly vested in the husband ; and whether the sheriff had, or had not, authority to soil, the plaintiff' had no right to recover in this action in her own right. But he also thought the evidence offered to prove the county court judgment, was suffi. cient proof of the same, under the act of 1800; the appearance of the defendant, after dissolving the attachment, having cured the illegality of the service, or rather made that service immaterial.
Johnson, J.,
thought that the limitation over to thp heirs of the do-1 *75 •nee’s body in such a case as this, could not be supported by legal rprinciples. The remainder could not vest, as in the case of land, at the time of the gift, which is necessary to constitute a good remainder over: 1 Salk. 225. And a contingent remainder of , , ’ \ , , , O chattels cannot be created by a common law conveyance, See Fearne, Ex. Dev. 306, 50, 54. The property, therefore, vested in the husband, immediately upon the execution of the deed of gift to the wife. The donor, he thought, intended to entail the property, which •cannot be done. 1 P. Wms. 290, 534. 2 Bl. Rep. 398. Co. Litt. 20. Hargr. note. Com. Dig. Chancery. 2 M. 9. 1 Bay, 453. 1 P. Wms. 125. 2 P. Wms. 78. 3 Atk. 393. He also said that it did not- appear, that the donor intended the donation for the sole use of his daughter, but for her children; but if that was his intention, it could not be made effectual in such case as this, where the deed was made to her, and not to trustees. And further, that the intention could not be effectuated to the same .extent by a deed, as in the case of a last will;' and that the limitation could not, at any rate, in this case, take effect, though it should be construed to have been intended to take effect by way of designatio personae. He also thought the evidence offered to prove the judgment, was suffi,cient under the act of assembly of 1800.
Bay, J.
E contra. Thought the donor’s intention ought to prevail. The words, I lendimported an intention of giving to his daughter only the use of the property for life ; arid the property itself was intended to- be given to others. The husband was never entitled to more than the use of the property for his life; and upon his decease the use reverted to her. He therefore thought that the plaintiff was entitled to maintain the action. And inaspiuch as it appeared that the attachment, which was the foundation of the action upon which the judgment was had, and to satisfy which, the negroes were sold, was levied on land, which could not be lawfully done, he thought the judgment was radically wrong. He said the appearance of the defendant in the action could not be interpreted into a waiver of the illegality of the service of the attachment; for that the defendant could not, by his consent, give the court a jurisdiction which it had not. Upon the whole, he thought the verdict was right, and that a new frial ought not to be granted.
Waties, J.,
was of opinion that the deed ought to be construed with the same liberality as if it were the last will and testament of the donor; and that “ heirs of the body,” might be construed, to mean the children of the first donee, the plaintiff, living at the donee’s *76 death, who might take by way of descriptio persones. Also, that 1136 01 ^oan ^le pln-intiff, might be considered as fov her sc» parale use ; and that such a donation might be effectual without the intervention of trustees. Amb. 72. Com. Dig. Chancery. 2 M. 3. 2 Vesey, 191. 1 Pow. on Con. 67. 1 Pow. on Con. 104. 3 Atk. 712. He concurred, however, with the other judges, w'10 were °f opinion that the appearance, &c. of Stockton, amounted to a waiver of all exceptions to the attachment.
Nott, for defendant. Smith, for plaintiff.
Grhike, J.,
presided at the trial, and, therefore, gave no opinion here.
New trial granted.